**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARK WOJCIECHOWSKI,**<br>**Plaintiff,**<br>**vs.**<br>**ACTIVE RADIATOR LLC,**<br>**and**<br>**MPN, INC.,**<br>**Defendant.** | **Civil Action No. ____________**<br>**JURY TRIAL DEMANDED** |

# COMPLAINT AND JURY DEMAND

Plaintiff Mark Wojciechowski, by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint"). MPN, Inc.

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Mark Wojciechowski, a former employee of Defendants Active Radiator LLC ("Active Radiator") and MPN, Inc. ("MPN") (collectively "Defendants"). Mr. Wojciechowski was subjected to discrimination and harassment on the basis of his disability and/or perceived disability, retaliated against for seeking accommodation of his disability in the form of FMLA leave, and terminated in retaliation for taking FMLA leave in violation of the FMLA. Defendants failed to accommodate Mr. Wojciechowski's disability and failed to engage in a good-faith, interactive process with respect to accommodating Mr. Wojciechowski's disability.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On July 10, 2026, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission. On July 29, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district.

## PARTIES AND VENUE

9. Plaintiff Mark Wojciechowski ("Mr. Wojciechowski") is an adult citizen and resident of Philadelphia, Pennsylvania and the United States of America.

10. Mr. Wojciechowski is a qualified individual with a disability within the meaning of the ADA – Ramsay Hunt Syndrome and symptoms of Ramsay Hunt Syndrome.

11. Mr. Wojciechowski has had his disability for a period in excess of six months.

12. Mr. Wojciechowski's disability affects a major bodily function and substantially limits one or more major life activities.

13. Defendant Active Radiator LLC is, upon information and belief, a Delaware company, with its corporate headquarters and principal business location at 3675 Amber Street, Philadelphia, Pennsylvania 19007, where Mr. Wojciechowski was employed.

14. Defendant MPN, Inc. is, upon information and belief, a Pennsylvania company, with its corporate headquarters and principal business location at 3675 Amber Street, Philadelphia, Pennsylvania 19007, where Mr. Wojciechowski was employed

15. With respect to the claims alleged herein, at all times relevant hereto, Plaintiff was an "employee" of Defendants within the meaning of the statutes cited herein and is entitled to the protections of those statutes.

16. With respect to the claims alleged herein, at all times relevant hereto, Defendants each acted as Plaintiff's "employer" within the meaning of the laws at issue in this suit and is accordingly subject to the provisions of said laws.

17. While Plaintiff was an employee of Active Radiator, MPN issued his paystubs and tax forms, is listed as the owner of Active Radiator, and acted as Plaintiff's joint employer, along with Active Radiator.

18. This cause of action arose out of transactions or occurrences that took place in whole or in part in Pennsylvania.

19. Defendants do significant business within the Commonwealth of Pennsylvania.

20. This Honorable Court has personal jurisdiction over the Defendants.

## FACTS

21. In or about March of 2009, Mr. Wojciechowski began his employment with Defendants as a Warehouse Worker.

22. Mr. Wojciechowski was an excellent employee who performed his duties in a satisfactory and professional manner.

23. Despite his loyalty and consistent performance, Mr. Wojciechowski was subjected to discrimination and harassment on the basis of his disability and/or perceived disability, and retaliated against for seeking accommodation of his disability in the form of FMLA leave, culminating in his wrongful termination on September 19, 2025.

24. Mr. Wojciechowski suffers from Ramsay Hunt Syndrome.

25. In the summer of 2025, Mr. Wojciechowski was experiencing symptoms from Ramsay Hunt Syndrome.

26. In early June of 2025, Mr. Wojciechowski took FMLA leave in order to treat and manage his disability.

27. He anticipated returning to work in September.

28. Mr. Wojciechowski was informed that his FMLA time would be fully exhausted as of September 11, 2025.

29. Mr. Wojciechowski informed Defendants that he would be able to return to work within two weeks of his FMLA exhausting.

30. Mr. Wojciechowski informed both his supervisor and Active Radiator's Human Resources Department that he would be able to return on September 25, 2025 and had been cleared by his doctor to return to work on that date.

31. Mr. Wojciechowski planned to return to work on September 25, 2025.

32. Instead of engaging in the interactive process or making a reasonable accommodation of his disability, Mr. Wojciechowski's employment was abruptly terminated by Defendants on September 19, 2025, while he was still out due to his medical condition and after he informed his employer that he would be able to return to work within two weeks.

33. Despite Mr. Wojciechowski's sixteen (16) years of service, Active Radiator terminated him almost immediately after his FMLA leave was exhausted and after he informed the employer that he would be able to return to work in two weeks.

34. The near immediate termination, while Mr. Wojciechowski was out due to his disability, makes clear that Mr. Wojciechowski was terminated as a result of discrimination, and retaliation for seeking accommodations of his disability and taking FMLA leave.

35. Given the circumstances surrounding his termination, Mr. Wojciechowski maintains that he was subjected to discrimination and harassment on the basis of his disability and/or perceived disability, and to retaliation for seeking accommodation of a disability and for taking FMLA leave.

36. Mr. Wojciechowski has suffered significant financial losses, including lost

wages and other benefits of employment, as a direct and proximate result of the actions and inactions of the Defendants.

37. As a result of the Defendants' conduct described herein, Mr. Wojciechowski has incurred a significant obligation for attorneys' fees and costs of bringing this action.

38. As a result of Defendants' conduct described herein, Mr. Wojciechowski has suffered and continues to suffer significant emotional distress, including, but not limited to, embarrassment, humiliation, and harm to his personal and professional character and reputation.

39. Defendants and their agents acted with knowledge of, or in reckless disregard of the probability that their actions and inactions would cause Mr. Wojciechowski to suffer emotional distress.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

40. Plaintiff Mark Wojciechowski repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

41. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

42. In discriminating against and harassing Mr. Wojciechowski on the basis of his disability or perceived disability, in failing to accommodate Mr. Wojciechowski's disability, and in retaliating against Mr. Wojciechowski for seeking accommodation of his disability, Defendants violated the ADA.

43. Said violations were intentional and willful.

44. Said violations warrant the imposition of punitive damages.

45. As the direct and proximate result of Defendant's violations of the Americans with Disabilities Act, Plaintiff Mark Wojciechowski has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of reputation and opportunity for career advancement, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

46. Plaintiff Mark Wojciechowski is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendants' actions unless and until the relief requested herein is granted.

**COUNT II**
**The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.**

47. Plaintiff Mark Wojciechowski repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

48. Defendants' conduct, in interfering with Mr. Wojciechowski's leave pursuant to the Family and Medical Leave Act, violated the FMLA.

49. Defendants' conduct, in retaliating against Mr. Wojciechowski for taking leave pursuant to the Family and Medical Leave Act, violated the FMLA.

50. Defendants' violations of the FMLA were intentional and willful, as Defendants knew or should have known the requirements of the FMLA.

51. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

52. As a direct and proximate result of Defendants' violations of the FMLA, Mr. Wojciechowski has sustained a loss of earnings, severe emotional and psychological

distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

53. Plaintiff Mark Wojciechowski is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendants' actions unless and until the relief requested herein is granted.

## PRAYER FOR RELIEF

54. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Mark Wojciechowski respectfully requests that this Court enter judgment in his favor and against Defendants and Order:

a. Appropriate equitable relief including reinstatement or front pay;

b. Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, interference and retaliation;

c. Defendants to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendants' unlawful conduct;

d. Defendants to pay Plaintiff liquidated damages;

e. Defendants to pay Plaintiff punitive damages;

f. Defendants to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g. Defendants to pay Plaintiff's costs of bringing this action and his attorneys' fees;

h. Plaintiff be granted any and all other remedies available pursuant to the ADA, FMLA and any other relevant laws; and

i. Such other and further relief as is deemed just and proper.

**JURY DEMAND**

55. Plaintiff hereby demands trial by jury as to all issues so triable.

Respectfully submitted,

BELL & BELL LLP

By: */s/ Christopher A. Macey, Jr.*

Christopher A. Macey, Jr., Esquire
Attorney I.D. No. 207800
Bell & Bell LLP
1617 John F. Kennedy Boulevard
Suite 1254
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiff*
*Mark Wojciechowski*

Dated: October 26, 2026